USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 30 2007

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 22, 2007

Diarmuid White, Esq.
148 East 78th Street
New York, New York 10021

**07 CRIM 1001**

      **Re: United States v. Joseph McGirl, 07 Cr. 1001**

Dear Mr. White:

      This prosecution and the protection against prosecution, with respect to tax offenses, set forth below have been approved by the Tax Division, Department of Justice.

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Joseph McGirl ("the defendant") to Counts One, Two, and Three of the above-referenced Information.

      Count One of the Information charges that from in or about 1997 through in or about 2002, the defendant conspired to defraud the United States by obstructing the lawful functions of the Internal Revenue Service, and conspired to evade payroll taxes, subscribe to false tax returns, and structure transactions to evade the requirement to file Currency Transaction Reports ("CTRs"), all in violation of Title 18, United States Code, Section 371. Count One carries a maximum sentence of five years' imprisonment; a maximum fine pursuant to Title 18, United States Code § 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense; a maximum term of three years' supervised release; and a mandatory $100 special assessment.

      Counts Two and Three of the Information charge that, with respect to the tax years 2000 and 2001, respectively, the defendant subscribed to false income tax returns, in violation of Title 26, United States Code, Section 7206(1). Counts Two and Three each carry a maximum sentence of three years' imprisonment; a maximum fine pursuant to Title 18, United States Code § 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense; a maximum term of one year's supervised release; a mandatory $100 special assessment; and the costs of prosecution.

      The total maximum sentence of incarceration on Counts One through Three is 11 years.

Diarmuid White, Esq.                    -2-                    October 22, 2007

In addition to the foregoing, the Court must order restitution on Count One in accordance with Sections 3663, 3663A, and 3664 of Title 18, United States Code. The defendant agrees that the Court will enter an order of restitution with respect to the losses suffered by the United States on Counts Two and Three.

The defendant also admits the forfeiture allegation in the Information. In full satisfaction thereof, the defendant agrees to forfeit to the United States the sum of $59,499 representing money and property involved in the offense charged in Count One (the "Money Judgment"). It is further understood that the defendant will not file or assist anyone in filing a petition for remission or mitigation with the Department of Justice concerning any funds in the Money Judgment. It is further understood that, at the time that he enters a guilty plea, the defendant will consent to the entry of an order of forfeiture with respect to the Money Judgment, and will, within sixty days of the entry of his guilty plea, deliver to this Office funds sufficient to satisfy the Money Judgment in full. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), the defendant further agrees that the order of forfeiture, upon entry by the Court, shall become final and will further be made part of his sentence and included in the judgment.

In consideration of his plea to the above offenses, the defendant will not be further prosecuted criminally by this Office and, with respect to tax offenses, the Tax Division, Department of Justice, for the conduct described in the Information. In addition, at the time of sentencing, the Government will move to dismiss any open Counts against McGirl. This Agreement does not provide any protection against prosecution except as set forth above. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

In consideration of the foregoing and pursuant to Sentencing Guidelines §6B1.4, the parties hereby stipulate to the following:

    A.    <u>Offense Level</u>

        1.    Because the last overt act in furtherance of the conspiracy occurred on or about April 15, 2002, the Guidelines Manual effective November 1, 2001 is applicable to the defendant's case.

        2.    Counts One, Two, and Three of the Information (the "Grouped Offenses") are grouped pursuant to U.S.S.G. § 3D1.2(d) because the offense level is determined largely on the basis of the total amount of harm or loss. Accordingly, pursuant to U.S.S.G. § 3D1.3(b), because the counts involve offenses of the same general type to which different guidelines apply, the offense level

Diarmuid White, Esq.　　　　　　　　　-3-　　　　　　　　　October 22, 2007

        of the Group will be that of the offense guideline that produces the highest offense level.

### The Tax-Evasion Objects of Count One and the Offenses Charged in Counts Two and Three

3.   Pursuant to U.S.S.G. § 2T1.9, U.S.S.G. § 2T1.1 applies to the tax-evasion objects of Count One of the Information, as well as to Counts Two and Three. Pursuant to U.S.S.G. § 2T1.1(a)(1) and § 2T4.1(F), because the tax loss attributable to the defendant is more than $80,000 but not more than $200,000, the base offense level is 16.

4.   Because there are no applicable enhancements, the offense level for the tax-evasion objects of Count One and for Counts Two and Three is 16.

### The CTR-Evasion Object of Count One

5.   U.S.S.G. § 2S1.3 applies to the CTR-evasion object of Count One of the Information. Pursuant to U.S.S.G. § 2S1.3(a) and § 2B1.1(b)(1)(H), because the value of the funds in question was greater than $400,000 but not more than $1,000,000, the base offense level is 20.

6.   Pursuant to U.S.S.G. § 2S1.3(b)(2), because the defendant believed that the funds were not the procceeds of unlawful activity, and because the funds were not intended to promote unlawful activity, and because the defendant did not act with reckless disregard as to the source of the funds, and because the funds apparently were the proceeds of lawful activity, and because the funds were to be used for a lawful purpose (that is, the paying of wages, notwithstanding the intention to avoid withholding and paying taxes associated with those wages), the offense level is decreased to 6.

7.   Pursuant to U.S.S.G. § 2S1.3(c), because the offense was committed principally for the purpose of violating the Internal Revenue laws, and the resulting offense level for the appropriate guideline from Chapter Two, Part T, is 16, as set forth above in paragraph 3, an offense level which is greater than that determined

02.01.05

Diarmuid White, Esq. -4- October 22, 2007

        in paragraphs 4 and 5, the offense level for the CTR-evasion object of Count One is increased to 16.

8. Because the offense level for each of the objects charged in Count One and for the offenses charged in Counts Two and Three are equally high, pursuant to U.S.S.G. § 3D1.3(b), the offense level for the Grouped Offenses is 16.

9. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional 1-level reduction is warranted, pursuant to § 3E1.1(b), U.S.S.G, because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. In accordance with the above, the applicable Guidelines offense level is 13.

    B.    <u>Criminal History Category</u>

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

    C.    <u>Sentencing Range</u>

Based upon the calculations set forth above, the defendant's stipulated sentencing Guidelines range is 12 to 18 months (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to §5E1.2. At Guidelines level 13, the applicable fine range is $3,000 to $30,000.

The parties agree that neither a downward nor an upward departure from the Sentencing range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

02.01.05

Diarmuid White, Esq.                             -5-                          October 22, 2007

      The parties further agree that a sentence within the Stipulated Guidelines range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

      Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this agreement limits the right of the parties (i) to present to the Probation Department or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above. Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should the defendant move to withdraw his guilty plea once it is entered, or should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this agreement.

      It is understood that pursuant to Sentencing Guidelines § 6B1.4(d), neither the Probation Department nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Department or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

      It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Stipulated Guidelines Range set forth above.

02.01.05

Diarmuid White, Esq.                          -6-                          October 22, 2007

It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

The defendant also agrees not to appeal any restitution order that is equal to or less than the amount of $189,106.

The defendant hereby acknowledges that he has accepted this plea Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) that has not already been produced as of the date of the signing of this agreement.

By entering this plea of guilty, the defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. The defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

It is further agreed that should the conviction(s) following McGirl's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against McGirl, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

The parties understand that this Agreement reflects the special facts of this case and is not intended as precedent for other cases. It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office and, to the extent set forth above, the Tax Division, Department of Justice.

02.01.05

Diarmuid White, Esq. -7- October 22, 2007

     Apart from any written Proffer Agreement(s) that may have been entered into between this Office, the Tax Division, Department of Justice and McGirl, this Agreement supersedes any prior understandings, promises, or conditions between this Office, the Tax Division, Department of Justice and McGirl. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

                          Very truly yours,

                          MICHAEL J. GARCIA
                          United States Attorney

By: _____
    Harry A. Chernoff
    Assistant United States Attorney
    (212) 637-2481

APPROVED:

_____
Stephen J. Ritchin
Chief, Major Crimes


AGREED AND CONSENTED TO:

_____        _____
JOSEPH MCGIRL                                  Date


APPROVED:

_____        _____
Diarmuid White, Esq.                         Date
Attorney for JOSEPH MCGIRL


02.01.05